Doc≉ 2814 Bk 5261 Pg 266
Recorded: Somerset County Mar 21,2018 12:44P
Deputy Register of Deeds Laura L Price

STATE OF MAINE
SOMERSET, SS:

DISTRICT COURT
LOCATION - SKOWHEGAN
CIVIL ACTION
DOCKET NO. RE-17-92

---

NATIONSTAR MORTGAGE LLC, D/B/A MR.
COOPER

**PLAINTIFF**

v.

COASTAL CAPITAL CORP. D/B/A CCAP
MORTGAGE CORP., and/or the heirs and/or
successors of it, and anyone claiming by,
through, or under it, and the legal heirs,
representatives, devisees, assigns, trustees in
bankruptcy, disseizors, creditors, lienors and any
and all other persons unascertained or not in
being or unknown or out of this state and all
other persons who may claim any right, title,
interest, or estate, legal or equitable, in the land
and real estate and mortgage through or under it,

**DEFENDANT(S)**

**PROPERTY ADDRESS:**
**751 Main Street, Canaan, Somerset**
**County, Maine 04924**

**MORTGAGE RECORDED IN:**
**Somerset County Registry of Deeds**
**in Book 3328 at Page 234**

**TITLE TO REAL ESTATE IS**
**INVOLVED**

---

## JUDGMENT

This matter came before the Court on Plaintiff's Motion for Summary Judgment on Plaintiff's Complaint, upon notice and (without hearing) (after hearing), Plaintiff's Motion for Summary Judgment is GRANTED.

Based upon the pleadings and affidavits, the Court finds as follows:

It is hereby ordered, adjudged, and decreed that Plaintiff's Motion is hereby GRANTED, and judgment is granted in Plaintiff's favor as follows:

This Court orders and that the rights, status and legal relationship between the party claiming to be the rightful noteholder and current mortgagee Nationstar Mortgage LLC d/b/a Mr. Cooper (hereinafter referred to as the "Current Lender" or Plaintiff) and Coastal Capital Corp. D/B/A CCAP Mortgage Corp. (hereinafter referred to as the "Original - Lender") and/or Coastal Capital Corp. D/B/A CCAP Mortgage Corp. and/or the heirs and/or successors of it, and anyone claiming by, through, or under it, and the legal heirs, representatives, devisees, assigns, trustees in bankruptcy, disseizors, creditors, lienors and any and all other persons unascertained or not in being or unknown or out of this state and all other persons who may claim any right, title,

1

SHS# 55365815536581

interest, or estate, legal or equitable, in the land and real estate and mortgage through or under it (hereinafter referred as to as the "Unknown Defendants"), as may be applicable, with respect to certain real estate associated herewith and hereinafter referenced, be and hereby is affected by this Order, and shall be vested to and in the state of the following:

That it is hereby ORDERED as follows:

a. that the rights, status and legal relationship between the parties with respect to the Mortgage and its assignment, are, to wit:

i. equitable interest in favor of the owners of the real estate remains unchanged and thus the reason they are not necessary parties hereto;

ii. a legal interest, in full and unfractured, in favor of the party claiming to be the rightful mortgagee, Current Lender, due to the assignment(s) now existing, including, without limitation, the initial assignment from MERS acting not only as assignment of its interest, but evidence that an assignment of Original Lender's and/or the Unknown Defendants' intention and attempt to assign the totality of all interest(s) under the Mortgage, or, if such intent is unknown, that such retained interest was solely in the form of a resulting trust held by the Original Lender and/or the Unknown Defendants for the benefit of the later holders of the debt which it secures, due to the known transfer away from it of the Note, to wit: the party that claims to currently own the Note, Current Lender;

iii. that Original Lender and the Unknown Defendants retain no interest not otherwise vested hereby through the assignment(s) or, in the alternative, that such retained interest is wholly and entirely held in naked trust for the benefit of the holder of the note, and, as a non-holder of said note, such interest is duly and rightfully divested from them and vested in the party claiming to be the holder of the note, to wit: the Current Lender, other than, if any, a subordinate interest(s) to the Mortgage generally as they may now or hereafter appear, subordinate to those of the claimed noteholder, Current Lender, and/or the Landowner(s), such as might be held due to other security interest(s) which might be held by one or more of them due to *other* notes or obligations for which they may *be* holder, and other than as may be senior by operation of law (municipal assessments).

That it is hereby FURTHER ORDERED, ADJUDGED, AND DECREED, as follows:

a. that Original Lender and the Unknown Defendants and/or any other relevant party(ies) are hereby be ordered to show cause why they should not bring an action pursuant to 14 M.R.S.A. § 6701 to try their right, title, or interest in the Mortgage as senior and superior to current mortgagee's, Current Lender's, or as separate from the party claiming to be current mortgagee's or Current Lender's;

b. that Original Lender and the Unknown Defendants and/or any other relevant party(ies) be ordered to bring said action in the event they cannot show cause;

c. that Original Lender and the Unknown Defendants having neither answered nor appeared, and thus having failed to show cause as of the date of entry hereof, if one or more of them fail to do so (show cause, or bring an action, or either, or both) prior to the statutory period

SHS# 5536581553658

for filing an appeal, that Original Lender and the Unknown Defendants be forever barred from claiming any right, title or interest superior to or distinct from the party claiming to be current mortgagee of the Mortgage, other than the Landowner's(s') equity of redemption as would be theirs when granting a mortgage as mortgagors to a mortgagee;

d. that judgment is granted hereunder in favor of the party claiming to be current mortgagee and current noteholder (Current Lender), vesting that party any interest it does not currently hold such that it results in a full, complete, unsplintered legal title to the Mortgage (as by virtue of mortgage covenants granted to Original Lender as mortgagee by a mortgagor) being vested in a single party, free and clear of all senior claims other than those of equitable title by Landowner(s) as may be applicable, or any persons claiming by, through, or under them, which judgment shall operate directly on the land and shall have the force of a release made by or on behalf of all of them of all claims inconsistent with the title established or declared thereby; and

e. that recordation of an attested copy of this Judgment and Order, in the applicable Registry of Deeds, shall have the force and effect as if any and all necessary instruments were duly executed and recorded in said Registry, to effectuate such transfer and such status as aforesaid.

That it is hereby ALSO FURTHER ORDERED, ADJUDGED, AND DECREED, as follows:

a. that, in accordance with its order hereinabove declaring the rights, status and legal relationship between the parties with respect to the Mortgage and its assignment(s), said order has been given to effectuate the interests of equity and justice and to cause the release of the interest held solely in trust (by Original Lender) to the beneficiary thereof (the party claiming to be the current holder of the note and the current mortgagee, at this time, being the Current Lender), to wit: equitable interest in favor of the Landowner(s), as applicable, a legal interest, in full and unfractured, in favor of the party claiming to be current mortgagee, as supported by the assignment(s) now existing, including, without limitation, the first assignment from MERS acting not only as an assignment of its interest, but as supporting evidence of intent to assign Original Lender's and/or the Unknown Defendants' total of all interest(s) under the Mortgage, that if said existing assignment(s) did not transfer all interest, any retained interest was solely held for the benefit of another party, the noteholder, and thus that the Original Lender and/or the Unknown Defendants retain no interest not otherwise vested hereby through the assignment(s) or as hereby granted due to the current mortgagee's demand, as beneficiary, for release of the interest held by the trustee, the Original Lender, other than subordinate interests to the Mortgage generally as they may now or hereafter appear, subordinate to those of the current mortgagee and/or the Landowner(s) other than as may be senior by operation of law (municipal assessments).

The following provisions are set forth pursuant to 14 M.R.S.A. § 2401:

The names and addresses, if known, of all parties to the action, including the counsel of record (if any or known), are on Schedule A attached hereto.

The docket number is RE-17-92.

3

SHS# 5536581553658I

The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure and not via other Order of this Court.

The street address of the real estate involved is 751 Main Street, Canaan, Somerset County, Maine 04924.

The description of the real estate involved is on Schedule B attached hereto.

Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b)(1).

The Clerk is specifically directed pursuant to M.R. Civ. P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Date: __1/25/18__      _____    **SEAL**
                        Judge, Maine District Court
                             ATTEST: _____
                                     CLERK

**Date entered in the docket book:** __1/30/18__

### CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: __2/21/18__ , 20___      _____
                                      Clerk of Court

4

SHS# 55365815536581

# SCHEDULE A
## To Judgment

Plaintiff:
    Nationstar Mortgage LLC d/b/a Mr. Cooper
    350 Highland Drive
    Lewisville, TX 75067

Counsel:
    Shechtman Halperin Savage LLP
    1080 Main Street
    Pawtucket, RI 02860

Defendant:
    Coastal Capital Corp. D/B/A CCAP Mortgage Corp.
    One Plaza Road
    Greenvale, NY 11548

Counsel:
    None known

Defendant:
    Coastal Capital Corp. D/B/A CCAP Mortgage Corp., referred to as the legal heirs, representatives, devisees, assigns, trustees in bankruptcy, disseizors, creditors, lienors and any and all other persons unascertained or not in being or unknown or out of this state and all other persons who may claim any right, title, interest, or estate, legal or equitable, in the hereafter described land and real estate and mortgage through or under it

Address:
    in several different locations and/or their whereabouts are not known at this time

Counsel:
    None known

SHS# 5536581 5536581

## SCHEDULE B
## Description of the Real Estate


Three certain lots of parcels of land together with the buildings thereon situated in Canaan, Somerset County, Maine, bounded and described as follows, to-wit:

Parcel One: A certain lot or parcel situated in said Canaan and bounded and described as follows, to-wit: A house lot on the south side of Skowhegan-Newport road, otherwise known as U.S. Highway # 2, and starting at a point 150 feet west now or formerly of Violet Gleason's west line and continuing along the highway in a westerly direction for 130 feet; thence in a southerly direction for 100 feet; thence in a easterly direction 130 feet; thence in a northerly direction 100 feet to the starting point; together with water rights and rights to lay and maintain a pipe to a certain spring located approximately 450 feet south from the southeast corner of the lot previously described and on land now or formerly owned by Carlton Ames.

Parcel Two: A certain lot or parcel situated in said Canaan and bounded and described as follows, to-wit: On the south side of U.S. Highway # 2, and starting at the northeast corner now or formerly of Herbert Ledin and Phyllis Ledin and continuing easterly along the highway 150 feet to the northwest corner now or formerly of Violet Gleason; thence southerly along said Violet Gleason's west line 130 feet; thence in a westerly direction 280 feet; thence in a northerly direction 130 feet to said Herrbert Ledin's and Phyllis Ledin's southwest corner; thence 130 feet in an easterly direction along said Herbert Ledin's and Phyllis Ledin's south boundary; thence northerly 100 feet to the starting point.

Parcel Three: A certain lot or parcel situated in said Canaan and bounded and described as follows, to-wit: Beginning at a point at the easterly line of right-a-way leading southerly from U.S. Route 2 upon land now or formerly of Lois Corbett and at the southwesterly corner of land now or formerly owned or occupied by Herbert Ledin; thence running southerly along the easterly line of said land now or formerly of Lois Corbett and the easterly line of said right-of-way to a point in the northerly line of land now or formerly owned or occupied by Tina Strkickland; thence running southeasterly along the northeasterly line of said Strickland land to a point where said Strickland line intersects the northwesterly line of land now or formerly owned or occupied by Raymond Hunt; said point being marked by a big elm tree; thence running northeasterly along the northeasterly line of said land or Raymond Hunt to a corner where the same intersects the southeasterly line of land now or formerly of the heirs of Ernest Nelson; thence running northerly along the southwesterly line of said Nelson land to a point at the southwesterly corner of land now or formerly owned or occupied by Violet Gleason which is marked by a white birch tree; thence running northerly and parallel with the easterly line of said Corbett land along the westerly line of land of Violet Gleason to the southeasterly corner of said land now or formerly of Herbert Ledin, thence running westerly along the southerly line of said land of Herbert Ledin two hundred eighty (280) feet, more or less, to the point of beginning.