# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO: 1:19-CV-00342-JAW** |
| **Plaintiff** | **AMENDED COMPLAINT** |
| vs. | |
| **Kerry Pomelow and Timothy Pomelow** | RE: <br> 751 Main Street, Canaan, ME 04924 |
| **Defendants** <br> The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5 <br> Internal Revenue Service <br> Credit Acceptance Corporation | Mortgage: <br> June 16, 2004 <br> Book 3328, Page 234 |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Kerry Pomelow and Timothy Pomelow, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 dollars ($75,000.00), exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Kerry Pomelow, is the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Nine Thousand Seven Hundred Eighteen and 93/100 ($129,718.93) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with its principal place of business located at 3900 Wisconsin Ave NW, Washington, DC 20016.

5. The Defendant, Kerry Pomelow, is a resident of Canaan, County of Somerset and State of Maine.

6. The Defendant, Timothy Pomelow, is a resident of Cornville, County of Somerset and State of Maine.

7. The Party-in-Interest, The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5, is located at c/o BAC, M/C: CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063.

8. The Party-in-Interest, Internal Revenue Service, is located at c/o United States Attorney, 100 Middle Street, East Tower, 6th Floor, Portland, ME 04101.

9. The Party-in-Interest, Credit Acceptance Corporation, is located at c/o Corporation Service Company 45 Memorial Circle, Augusta , ME 04330.

## FACTS

10. On June 16, 2004, by virtue of a Warranty Deed from Floyd E. Giles, Jr. and Beverly E. Giles, which is recorded in the Somerset County Registry of Deeds in **Book 3328, Page 231**, the property situated at 751 Main Street, County of Somerset, and State of Maine, was conveyed to the Defendants, Kerry Pomelow and Timothy Pomelow, being more particularly described by the attached legal description. *See* Exhibit A[1].

11. The Parties intended to mortgage the entire property description as reflected in the aforesaid deed and the mortgage description should be reformed to reflect the full description in said deed. *See* Exhibit B.

12. On June 16, 2004, the Defendant, Kerry Pomelow, executed and delivered to Coastal Capital Corp. d/b/a CCAP Mortgage Corp. a certain Note in the amount of $80,500.00. *See* Exhibit C.

13. To secure said Note, on June 16, 2004, the Defendants executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Coastal Capital Corp. d/b/a CCAP Mortgage Corp., securing the property located at 751 Main Street, Canaan, ME 04924 which Mortgage Deed is recorded in the Somerset County Registry of Deeds in **Book 3328**, **Page 234**. *See* Exhibit D.

---

[1] Exhibits A – K referenced herein have been previously filed on July 22, 2019; Please refer to docket ID# 1

14. The Mortgage was then assigned to BAC Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated September 27, 2010 and recorded in the Somerset County Registry of Deeds in **Book 4329**, **Page 172**. *See* Exhibit E.

15. The Mortgage was then assigned to Bank of America, N.A., Successor by Merger to BAC Home Loan Servicing, LP FKA Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated August 9, 2012 and recorded in the Somerset County Registry of Deeds in **Book 4572**, **Page 257**. *See* Exhibit F.

16. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated June 13, 2013 and recorded in the Somerset County Registry of Deeds in **Book 4759**, **Page 246**. *See* Exhibit G.

17. The transfer of all the rights contained in the Mortgage to the Plaintiff is further ratified and confirmed by virtue of a Declaratory Judgment from the District Court of Skowhegan Docket No.: RE-17-92, entered on January 25, 2018, and recorded in the Somerset County Registry of Deeds in **Book 5261 Page 266**. *See* Exhibit H.

18. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated May 7, 2019 and recorded in the Somerset County Registry of Deeds in **Book 5408**, **Page 78**. *See* Exhibit I.

19. On February 14, 2019, the Defendants, Kerry Pomelow and Timothy Pomelow, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J.

20. The Demand Letter informed the Defendants, Kerry Pomelow and Timothy Pomelow, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

21. The Defendants, Kerry Pomelow and Timothy Pomelow, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

25. . The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5 is a Party-in-Interest pursuant to a Mortgage in the amount of $23,000.00 dated June 16, 2004, and recorded in the Somerset County Registry of Deeds in **Book 3328**, **Page 252** and is in second position behind Plaintiff's Mortgage.

26. The Junior Lien was then assigned to The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5 by virtue of a Junior Assignment dated July 19, 2012 and recorded in the Somerset County Registry of Deeds in **Book 4565**, **Page 155**.

27. Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $12,563.22 dated May 9, 2017, and recorded in the Somerset County Registry of Deeds in **Book 5156**, **Page 118** and is in third position behind Plaintiff's Mortgage.

28. Credit Acceptance Corporation is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,955.33 dated June 22, 2016, and recorded in the Somerset County Registry of Deeds in **Book 5073**, **Page 312** and is in fourth position behind Plaintiff's Mortgage.

29. The total debt owed under the Note and Mortgage as of July 26, 2019 is One Hundred Twenty-Nine Thousand Seven Hundred Eighteen and 93/100 ($129,718.93) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $102,622.11 |
| Interest | $16,837.95 |
| Late Fees | $379.61 |
| Escrow Advance | $5,836.19 |
| Corporate Advance | $3,525.42 |
| Deferred Late Charges | $517.65 |
| Grand Total | $129,718.93 |

30. Upon information and belief, the Defendants, Kerry Pomelow and Timothy Pomelow, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

31. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

32. This is an action for foreclosure respecting a real estate related Mortgage and title located at 751 Main Street, Canaan, County of Somerset, and State of Maine. *See* Exhibit A.

33. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 13 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

34. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

35. The Defendants, Kerry Pomelow and Timothy Pomelow, are presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

36. The total debt owed under the Note and Mortgage as of July 26, 2019 is One Hundred Twenty-Nine Thousand Seven Hundred Eighteen and 93/100 ($129,718.93) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $102,622.11 |
| Interest | $16,837.95 |
| Late Fees | $379.61 |
| Escrow Advance | $5,836.19 |
| Corporate Advance | $3,525.42 |
| Deferred Late Charges | $517.65 |
| Grand Total | $129,718.93 |

37. The record established through the Somerset County Registry of Deeds indicates that there is a public utility easement recorded subsequent to the Mortgage to, and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein. State of Maine Department of Transportation pursuant to an Easement dated March, 13, 2008, and recorded in the Somerset County Registry of Deeds in **Book 3989**, **Page 36**.

38. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

39. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Kerry Pomelow and Timothy Pomelow, on February 14, 2019, evidenced by the Certificate of Mailing. *See* Exhibit I.

40. The Defendants, Kerry Pomelow and Timothy Pomelow, are not in the Military as evidenced by the attached Exhibit J.

## COUNT II – BREACH OF NOTE

41. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. On June 16, 2004, the Defendant, Kerry Pomelow, executed and delivered to Coastal Capital Corp. d/b/a CCAP Mortgage Corp. a certain Note in the amount of $80,500.00. *See* Exhibit B.

43. The Defendant, Kerry Pomelow is in default for failure to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit I.

44. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Kerry Pomelow.

45. The Defendant, Kerry Pomelow, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

46. The Defendant Kerry Pomelow's breach is knowing, willful, and continuing.

47. The Defendant Kerry Pomelow's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of July 26, 2019, if no payments are made, is One Hundred Twenty-Nine Thousand Seven Hundred Eighteen and 93/100 ($129,718.93) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $102,622.11 |
| Interest | $16,837.95 |
| Late Fees | $379.61 |
| Escrow Advance | $5,836.19 |
| Corporate Advance | $3,525.42 |
| Deferred Late Charges | $517.65 |
| Grand Total | $129,718.93 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

50. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. By executing, under seal, and delivering the Note, the Defendant, Kerry Pomelow entered into a written contract with Coastal Capital Corp. d/b/a CCAP Mortgage Corp. who agreed to loan the amount of $80,500.00 to the Defendants. *See* Exhibit C.

52. As part of this contract and transaction, the Defendants, Kerry Pomelow and Timothy Pomelow, executed the Mortgage to secure the Note and the subject property. *See* Exhibit D.

53. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Coastal Capital Corp. d/b/a CCAP Mortgage Corp., and has performed its obligations under the Note and Mortgage.

54. The Defendants, Kerry Pomelow and Timothy Pomelow, breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit J.

55. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Kerry Pomelow.

56. The Defendants, Kerry Pomelow and Timothy Pomelow, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

57. The Defendants, Kerry Pomelow and Timothy Pomelow, are indebted to Federal National Mortgage Association in the sum of One Hundred Twenty-Nine Thousand Seven Hundred Eighteen and 93/100 ($129,718.93) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendants.

58. Defendants Kerry Pomelow and Timothy Pomelow's breach is knowing, willful, and continuing.

59. Defendants Kerry Pomelow and Timothy Pomelow's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

60. The total debt owed under the Note and Mortgage as of July 26, 2019, if no payments are made, is One Hundred Twenty-Nine Thousand Seven Hundred Eighteen and 93/100 ($129,718.93) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $102,622.11 |
| Interest | $16,837.95 |
| Late Fees | $379.61 |
| Escrow Advance | $5,836.19 |
| Corporate Advance | $3,525.42 |
| Deferred Late Charges | $517.65 |
| Grand Total | $129,718.93 |

61. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

62. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. Coastal Capital Corp. d/b/a CCAP Mortgage Corp., predecessor-in-interest to Federal National Mortgage Association, loaned Defendants, Kerry Pomelow and Timothy Pomelow, $80,500.00. *See* Exhibit B.

64. The Defendants, Kerry Pomelow and Timothy Pomelow, are in default for failure to properly tender the July 1, 2017 payment and all subsequent payments. *See* Exhibit I.

65. As a result of the Defendants Kerry Pomelow and Timothy Pomelow's failure to perform under the terms of their obligation, the Defendants, should be required to compensate the Plaintiff, Federal National Mortgage Association.

66. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

67. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 66 as if fully set forth herein.

68. Coastal Capital Corp. d/b/a CCAP Mortgage Corp., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendants, Kerry Pomelow and Timothy Pomelow, $80,500.00. *See* Exhibit B.

69. The Defendants, Kerry Pomelow and Timothy Pomelow, have failed to repay the loan obligation.

70. As a result, the Defendants, Kerry Pomelow and Timothy Pomelow, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Coastal Capital Corp. d/b/a CCAP Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

71. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Reform the subject mortgage description to conform to the legal description in the deed dated June 16, 2004 and recorded in the Somerset County Registry of Deeds in **Book 3328, Page 231**;

d) Find that the Defendant, Kerry Pomelow is in breach of the Note by failing to make payment due as of July 1, 2017, and all subsequent payments;

e) Find that the Defendants, Kerry Pomelow and Timothy Pomelow, are in breach of the Mortgage by failing to make payment due as of July 1, 2017, and all subsequent payments;

f) Find that the Defendants, Kerry Pomelow and Timothy Pomelow, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Kerry Pomelow and Timothy Pomelow, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2017 and all subsequent payments;

h) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Kerry Pomelow and Timothy Pomelow have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

k) Find that the Defendants, Kerry Pomelow and Timothy Pomelow, are liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

l) Find that the Defendants, Kerry Pomelow and Timothy Pomelow, are liable to the Plaintiff for quantum meruit;

m) Find that the Defendants, Kerry Pomelow and Timothy Pomelow, have appreciated and retained the benefit of the Mortgage and the subject property;

n) Find that it would be inequitable for the Defendants, Kerry Pomelow and Timothy Pomelow, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

o) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendants, Kerry Pomelow and Timothy Pomelow;

p) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendants, Kerry Pomelow and Timothy Pomelow, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Twenty-Nine Thousand Seven Hundred Eighteen and 93/100 ($129,718.93 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: July 23, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746 Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC 100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

# CERTIFICATE OF SERVICE

      I, John A. Doonan, Esq. hereby certify that on July 23, 2019, I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

<u>/s/John A. Doonan, Esq.</u>
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

Kerry Pomelow
751 Main Street
Canaan, ME 04924

Kerry Pomelow
P.O. Box 346
Jackman, ME 04945

Timothy Pomelow
231 Wood Road
Cornville, ME 04976

Timothy Pomelow
1 Falls Road
Solon, ME 04979

Timothy Pomelow
751 Main Street
Canaan, ME 04924

Internal Revenue Service
c/o US Attorney General
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101

The Bank of New York Mellon f/k/a The Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5
1800 Tapo Canyon Road
Simi Valley, CA 93063

Credit Acceptance Corporation
c/o Corporation Service Company
45 Memorial Circle
Augusta, ME 04330