UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19-cv-00342-JAW |
| KERRY POMELOW and TIMOTHY POMELOW, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON TIMOTHY POMELOW'S MOTION TO DISMISS**

On July 22, 2019, Federal National Mortgage Association (Federal National) filed a complaint in this Court against Kerry Pomelow and Timothy Pomelow, alleging that it is entitled to foreclosure on the Pomelows' Canaan, Maine residence, that the promissory note was breached, that the Pomelows breached a contract for money had and received, that Federal National is entitled to judgment under the legal theory of quantum meruit, and that Federal National is entitled to judgment under the legal theory of unjust enrichment. *Compl.* (ECF No. 1). On July 23, 2019, Federal National filed an amended complaint against Ms. Pomelow and Mr. Pomelow. *Am. Compl.* (ECF No. 4). On August 31, 2019, Mr. Pomelow sent a letter to the United States District Court for the District of Maine seeking to be dismissed from the case. *Letter from Timothy Pomelow to U.S. District Court* (ECF No. 11)

(*Def,'s Mot.*); *id.*, Attach. 1.[1]  To date, Federal National has not responded to Mr. Pomelow's motion.

The Amended Complaint alleges that Mr. Pomelow (and Kerry Pomelow) are in default on both a promissory note and a mortgage.  *Am. Compl.* ¶ 35 ("The Defendants, Kerry Pomelow and Timothy Pomerlow, are presently in default on said Mortgage and Note . . ..."), ¶¶ 56-57, 60, 69-70.  However, the promissory note Federal National attached to its Complaint does not contain Mr. Pomelow's signature.  *Compl.* Attach. 3 at 3 (*Note*).  By contrast, the mortgage Federal National attached to the Complaint does contain his signature.  *Id.* Attach. 4, *Mortgage* at 17-18 (*Mortgage*).

Mr. Pomelow's motion states that he "never signed any promissory note involved in this case," that he and his wife were divorced in 2005, and that his wife "received all property rights for the . . . property [at issue]."  *Def.'s Mot.* at 1.  Mr. Pomelow does not discuss the fact that he signed the mortgage at issue in this case, *Mortgage* at 17, nor does he state that there has been any novation of that contract or that he has been otherwise released from the mortgage since his 2005 divorce. Federal National has neither responded to Mr. Pomelow's motion nor requested an extension of time to respond in the more than twenty-one days that have passed since the motion was filed.

By failing to respond to Mr. Pomelow's motion within twenty-one days, Federal National has waived objection to Mr. Pomelow's Motion to Dismiss.  *See* D. ME. LOC. R. 7(b).  However, under First Circuit authority, the Court may not grant Mr.

---

[1]     In light of Mr. Pomelow's pro se status, the Court interprets this letter as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pomelow's motion without conducting an independent examination of the Amended Complaint to determine whether it is formally sufficient to state a claim. *See Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) ("the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim" (quoting *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003))).

Reviewing the Amended Complaint in a manner consistent with *Pomerleau*, the Court agrees with Mr. Pomelow that, to the extent Federal National is seeking to hold Mr. Pomelow liable under a promissory note he has not signed, the Court should dismiss these allegations against him; however, taking the allegations of the Amended Complaint as true for purposes of the motion to dismiss, Mr. Pomelow has offered no ground for the Court to conclude that he did not sign the mortgage or that Federal National is barred from proceeding against him under the terms of the mortgage. Therefore, the Court deems any objection to Mr. Pomelow's Motion to Dismiss waived and grants Mr. Pomelow's motion insofar as Federal National seeks to hold Mr. Pomelow liable under the Promissory Note but denies it insofar as Federal National seeks to hold Mr. Pomelow liable under the Mortgage.

The Court GRANTS in part Timothy Pomelow's Motion to Dismiss (ECF No. 11) insofar as Federal National seeks to hold him liable under the Promissory Note

and DENIES it in part insofar as Federal National seeks to hold him liable under the Mortgage.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2019