UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:19-cv-00342-JAW ) |
| KERRY POMELOW and TIMOTHY POMELOW | ) ) ) |
| Defendants, | ) ) |
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., F/K/A JPMORGAN CHASE BANK, AS TRUSTEE FOR THE HOLDERS OF THE HOME EQUITY MORTGAGE TRUST, HOME EQUITY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-5; INTERNAL REVENUE SERVICE; and CREDIT ACCEPTANCE CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Parties-in-Interest. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

In this mortgage foreclosure case, the Court is satisfied that the record confirms the Plaintiff has a right to proceed against one Defendant under the terms of a promissory note she signed. However, the Court is not certain that the Plaintiff has standing to proceed in foreclosure because it is not clear that the current plaintiff holds title to the mortgage. The Court orders the plaintiff to brief the standing issue and allows the defendants and parties-in-interest to weigh in as well.

## I. BACKGROUND

On July 22, 2019, Federal National Mortgage Association (FNMA) filed a foreclosure complaint against Kerry Pomelow and Timothy Pomelow and named the Bank of New York Mellon f/k/a the Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5 (BONY Mellon), the Internal Revenue Service (IRS), and Credit Acceptance Corporation (CAC) as Parties-In-Interest. *Compl.* (ECF No. 1). FNMA filed an amended complaint against the same parties, listing the same parties-in-interest, on July 23, 2019.[1] *Am. Compl.* (ECF No. 4). FNMA served the IRS on July 25, 2019, *Proof of Service as to IRS* (ECF No. 6), CAC on July 29, 2019, *Proof of Service as to CAC* (ECF No. 8), and BONY Mellon on August 8, 2019. *Aff. of Service as to BONY Mellon* (ECF No. 21). The IRS answered the Complaint on August 2, 2019.[2] *Answer of the United States of America* (ECF No. 7). FNMA served Mr. Pomelow on August 15, 2019, *Proof of Service as to Timothy Pomelow* (ECF No. 10), and Ms. Pomelow on August 23, 2019. *Acceptance of Service as to Kerry Pomelow* (ECF No. 14).

On September 4, 2019, Mr. Pomelow wrote a letter to the Court seeking dismissal from the action. *Letter from Timothy Pomelow to U.S. District Court* (ECF

---

[1] Comparing the Complaint against the Amended Complaint reveals that the Complaint contained an allegation that the state of Maine Department of Transportation was a party in interest. *Compl.* ¶ 10. This allegation was dropped in the Amended Complaint.

[2] The IRS's Answer refers to the Plaintiff's Complaint, not Amended Complaint. But the IRS Answer is not framed in such a way that the difference between the Complaint and the Amended Complaint matters.

No. 11). Interpreting this letter as a motion to dismiss, the Court issued an order on December 4, 2019, granting in part and denying in part the motion. *Order on Timothy Pomelow's Mot. to Dismiss* (ECF No. 17).

On September 19, 2019, FNMA filed a motion for entry of default as to CAC. *Pl.'s Mot. for Entry of Default as to Party-in-Interest, Credit Acceptance Corporation* (ECF No. 15). The Deputy Clerk of Court granted FNMA's motion that same day. *Order Granting Mot. for Entry of Default* (ECF No. 16). On October 16, 2019, FNMA filed a motion to extend the deadline for filing a motion for entry of default against Ms. Pomelow. *Mot. to Extend Deadline for Filing of Mot. for Entry of Default as to Kerry Pomelow* (ECF No. 18). The Magistrate Judge granted this motion on October 17, 2019. *Order Granting Mot. to Continue Deadline to Request Default* (ECF No. 19).

FNMA filed a motion for entry of default as to Ms. Pomelow, Mr. Pomelow, and BONY Mellon on December 17, 2019. *Pl.'s Mot. for Entry of Default as to Def., Kerry Pomelow, Def., Timothy Pomelow and Party-in-Interest, the Bank of New York Mellon f/k/a the Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5* (ECF No. 23). The Deputy Clerk of Court granted the motion for entry of default that same day. *Order Granting Mot. for Entry of Default* (ECF No. 24).

On January 1, 2020, FNMA filed a motion for default judgment as to Ms. Pomelow, Mr. Pomelow, CAC, and BONY Mellon. *Pl.'s Mot. for Default J. as to Kerry Pomelow, the Bank of New York Mellon f/k/a the Bank of New York, as Successor*

*Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5 and Credit Acceptance Corporation and Timothy Pomelow* (ECF No. 25) (*Pl.'s Mot.*).

## II. DISCUSSION

### A. The Default Hearing under 14 M.R.S. § 6322

In the context of foreclosures, once the Clerk enters a default, the Court is obligated to schedule a hearing to

> determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings.

14 M.R.S. § 6322. If the Court is satisfied that a breach exists, the Court issues a judgment of foreclosure and sale subject to the right of redemption and also sets forth the amount due and payable under the mortgage so that the mortgagor may effect the redemption. *Id*. FNMA includes in its motion for default judgment a request for a section 6322 hearing. *Pl.'s Mot.* at 4 ("Plaintiff is also hereby requesting a hearing on the assessment of damages to determine the order of priority and related matters"). The Court defers ruling on FNMA's request.

### B. The Promissory Note

The Court has considered whether FNMA has standing to enforce the original note and mortgage and finds that FNMA has standing with respect to the note, but on this record, not the mortgage. On June 16, 2004, Ms. Pomelow indorsed the

4

original note to Coastal Capital Corp. D/B/A CCAP Mortgage Corp. (CCC), which is named as the lender. *Compl.*, Attach. 3, *Note* at 1, 3. CCC made the note payable without recourse to Countrywide Document Custody Services, a Division of Treasury Bank, N.A. (CDCS). *Id.* at 3. CDCS made the note payable without recourse to Countrywide Home Loans, Inc. *Id.* Countrywide Home Loans, Inc. made the note payable without recourse in blank, *id.*, which is sufficient to grant FNMA standing to enforce the note, so long as FNMA currently holds the note. *See U.S. Bank Trust, N.A., as Tr. for LSF11 Master Participation Tr. v. Cunningham*, No. 2:19-cv-00306-JAW, 2019 WL 6464619, at *2 (D. Me. Dec. 2, 2019) (stating that in a case with multiple indorsements ending with an indorsement in blank, "[u]nder Maine law, section 3-1301 of title 11 'permits a party to enforce a note if it is the "holder" of the note, that is, if it is in possession of the original note that is indorsed in blank'" (quoting *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 10, 96 A.3d 700, 705)). Here, FNMA alleged the indorsement of the note and its current possession of the note. *Am. Compl.* ¶ 22 (FNMA "is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note").

## C. The Mortgage

Turning to the mortgage, on June 16, 2004, the same date Ms. Pomelow signed the promissory note, Ms. Pomelow and Mr. Pomelow executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS). *Compl.*, Attach. 4, *Mortgage* at 1, 17. CCC is listed as the lender, and MERS is described as the "nominee for

5

Lender and Lender's successors and assigns." *Id.* at 1. On September 27, 2010, MERS executed an assignment of the mortgage to BAC Home Loans Servicing, LP. *Compl.*, Attach. 5, *Assignment of Mortgage*. On August 9, 2012, MERS executed an assignment of the mortgage to Bank of America, N.A., Successor by Merger to BAC Home Loan Servicing, LP FKA Countrywide Home Loans Servicing, LP (Bank of America). *Compl.*, Attach. 6, *Assignment of Mortgage*. On June 13, 2013, Bank of America executed an assignment of the mortgage to Nationstar Mortgage, LLC. *Compl.*, Attach. 7, *Assignment of Mortgage*.

On February 21, 2018, the Skowhegan District Court for the State of Maine issued a judgment granting Nationstar Mortgage, LLC "a legal interest, in full and unfractured" in the mortgage

> due to the assignment(s) now existing, including, without limitation, the initial assignment from MERS acting not only as assignment of its interest, but evidence that an assignment of Original Lender's and/or the Unknown Defendant's intention and attempt to assign the totality of all interest(s) under the Mortgage, or, if such intent is unknown, that such retained interest was solely in the form of a resulting trust held by the Original Lender and/or the Unknown Defendants for the benefit of the later holders of the debt which it secures, due to the known transfer away from it of the Note . . ..

*Compl.*, Attach. 8, *J.* at 2 (*State Court J.*). On May 7, 2019, Nationstar Mortgage, LLC, D/B/A Mr. Cooper executed an assignment of the mortgage to FNMA. *Compl.*, Attach. 9, *Assignment of Mortgage*.

In *Greenleaf*, the Maine Supreme Judicial Court sitting as the Law Court found that an assignment by MERS of "its interest in the mortgage" was an assignment only of "the right to record the mortgage as nominee" because "MERS could not have

6

granted to another person or entity any greater interest in the mortgage than that enjoyed by MERS." 2014 ME 89, ¶ 16, 96 A.3d at 707. Because the chain of assignments in this case began with an assignment from MERS, in the absence of the state court judgment, FNMA would not—to the Court's knowledge—have any legitimate claim of ownership over the mortgage in this case. *See Beal Bank USA v. New Century Mortg. Corp.*, 2019 ME 150, ¶ 15, 217 A.3d 731 (concluding that "although the holder of the note may retain some equitable interest in the accompanying mortgage, any such interest, standing alone, does not equate to actual ownership of the mortgage nor is it sufficient to establish a 'pre-foreclosure right' to compel its assignment" (emphasis omitted)); *U.S. Bank, Nat'l Ass'n v. Tuttle*, 2:19-cv-00280-JAW, 2019 WL 6842535, at *6 (D. Me. Dec. 16, 2019) (interpreting *Beal* in the context of an equitable mortgage claim and concluding that "[t]he Court can no more create a new mortgage on the basis of [the plaintiff]'s possession of the note than it can compel assignment of the existing mortgage").

In light of this background, before proceeding further, the Court should answer the following questions: (1) whether the state court judgment is entitled to full faith and credit by this Court and, if not, (2) whether FNMA has standing to foreclose on the note and mortgage.

Judgments of a state court are entitled to full faith and credit in federal court only to the extent they would have a res judicata effect in another court of that state. See *Grajales v. P.R. Ports Auth.*, 923 F.3d 40, 43 (1st Cir. 2019) ("We are dealing here with the claimed res judicata effect of a judgment of a Commonwealth court and thus

7

with a judgment that, under 28 U.S.C. § 1738, must be given 'full faith and credit.' In keeping with this statute, we must give the same res judicata effect to that judgment as the jurisdiction that issued it would give it in its own courts" (internal citations omitted)). Under Maine law, the doctrine of res judicata "consists of two components: issue preclusion and claim preclusion." *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1047. "Claim preclusion prevents relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 21, 834 A.2d 131 (quoting *Machias Sav. Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595). A party is entitled to issue preclusion "if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Town of Mount Vernon v. Landherr*, 2018 ME 105, ¶ 15, 190 A.3d 249 (quoting *Macomber*, 2003 ME 121, ¶ 22).

The state court judgment lists CCC as the sole defendant and lists no parties-in-interest. *State Court J.* at 1. It appears that claim preclusion may not apply, as none of the parties to this action was a party to the state court action. The state court judgment also includes no indication that any of the parties to the instant litigation received notice of or an opportunity to respond in the state court proceeding. On this record, the Court is not able to determine whether any of the parties to this litigation

"had a fair opportunity and incentive to litigate the issue" in the state court proceeding.

FNMA may well have an explanation that satisfies the Court that it has standing to proceed with the foreclosure and the Court therefore grants FNMA an opportunity to provide such an explanation. The Court orders that FNMA brief the preclusive effect of the state court judgment, as well as whether, in the event the Court finds that the state court judgment does not establish FNMA's ownership of the mortgage, FNMA nonetheless has standing to foreclose.

### III. CONCLUSION

The Court DEFERS ruling on FNMA's request for a hearing in accordance with 14 M.R.S. § 6322 (ECF No. 25). The Court DEFERS ruling on FNMA's Motion for Default Judgment as to Kerry Pomelow, the Bank of New York Mellon f/k/a the Bank of New York, as Successor Trustee to JPMorgan Chase Bank, N.A., f/k/a JPMorgan Chase Bank, as Trustee for the Holders of the Home Equity Mortgage Trust, Home Equity Mortgage Pass-Through Certificates, Series 2004-5 and Credit Acceptance Corporation and Timothy Pomelow (ECF No. 25). The Court ORDERS FNMA to file a memorandum addressing the questions raised by the Court within twenty-one days from the date of this order. If Mr. Pomelow or Ms. Pomelow, or any of the parties-in-interest, wish to respond to FNMA's memorandum, they must do so within fourteen

days of FNMA's filing.  If there is a response, FNMA will have seven days to reply.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31th day of January, 2020